IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11250

_____

HENRY REBEL CORNETT

Petitioner-Appellant,

versus

GARY L JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

Respondent-Appellee.

_____

Appeals from the United States District Court
For the Northern District of Texas
(4:97-CV-426-A)

_____

August 12, 1998

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA,
Circuit Judges.

PER CURIAM:[*]

Cornett petitions this court for a Certificate of
Appealability from the district court's denial of his application
for federal habeas corpus pursuant to 28 U.S.C. § 2254. We
conclude that Cornett has not made a substantial showing of the
denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and
accordingly refuse to grant him a COA.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cornett's challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue.  See Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986).  Cornett, for the first time on appeal, asserts arguments regarding the revocation of his probation.  At best, we review such issues for plain error.  See United States v. McPhail, 112 F.3d 197, 199 (5th Cir. 1997).  We find no plain error under these fact, especially because the decision to revoke deferred adjudication probation is not appealable under Texas law.  See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).

Finally, Cornett contends that his counsel was ineffective for failing to perfect an appeal from the judgment following the revocation of his probation.  The state habeas court found that Cornett had pursuant to an agreement with the prosecutor waived his right to appeal from that judgment and sentence, a fact finding we presume to be correct.  These findings were adopted by the Texas Court of Criminal Appeals.  See 28 U.S.C. § 2254(e)(1); Carter v. Johnson, 110 F.3d 1098, 1107, n.11 (5th Cir. 1997); Flores v. Johnson, 957 F. Supp. 893, 915 (W.D. Tex. 1997).  Moreover, our independent review of the affidavit of Cornett's attorney convinces us that Cornett understood that he was relinquishing his right to challenge the sentence as well as the decision to revoke probation.  Cornett acceded to this agreement after his attorney instructed him that an appeal from the outcome of the revocation proceeding would not likely be effective anyway.

AFFIRMED.